# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-51248
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE ANTONIO MUNIZ-BORRERO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-2621-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Muniz-Borrero (Muniz) appeals his conviction and sentence for importation of 50 kilograms or more of marijuana and possession with intent to distribute 50 kilograms or more of marijuana. Muniz's first trial was declared a mistrial after the jury deadlocked. Muniz contends that his second trial was unfair because the district court allowed a "surprise" witness to testify on rebuttal and denied Muniz a continuance to allow the defense to prepare to counter the testimony. The district court did not abuse its discretion by allowing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the witness, Kahled Farhat, to testify. Farhat's testimony was relevant because, although it was not incriminatory, it directly contradicted Muniz's trial testimony. See FED. R. EVID. 401, 402; United States v. Sanchez-Sotelo, 8 F.3d 202, 210 (5th Cir. 1993) (reviewing evidentiary rulings for an abuse of discretion).

Although Farhat did not testify at Muniz's first trial, Muniz was aware from the evidence presented at trial that Farhat could potentially impeach Muniz's testimony; however, he chose not to interview Farhat prior to the second trial. See United States v. Hopkins, 916 F.2d 207, 217-18 (5th Cir. 1990). Muniz does not identify any specific prejudice from the denial of a continuance, such as an inability to offer surrebuttal witnesses or to impeach Farhat's testimony. See United States v. Harbin, 601 F.2d 773, 778-79 (5th Cir. 1979). Thus, Muniz has failed to show that the decision not to grant a continuance prior to Farhat's testimony was an abuse of the district court's discretion. See United States v. Alford, 999 F.2d 818, 821 (5th Cir. 1993).

AFFIRMED.